# EXHIBIT A

STATE OF MICHIGAN

IN THE 12th JUDICIAL DISTRICT COURT FOR JACKSON COUNTY

Zenaida Trainor,

    Plaintiff,

v.

Delta Airlines, Inc,

    Defendant.

_____/

Case No. 22-0722-GCG

Hon. Goostrey, Daniel A.

Tonie M Franzese (P54616)
Attorney for Plaintiff
P.O. Box 713
Northville, MI 48167
toniefranzese@yahoo.com
(248) 767-3634

_____/

## COMPLAINT

COMES NOW, Plaintiff, Zenaida Trainor, an individual (hereinafter "Plaintiff"), by and through her attorney, and hereby complains and alleges against Defendant, Delta Airlines, Inc. a Delaware Corporation (hereinafter "Delta"), as follows:

### THE PARTIES

1. Plaintiff is, and always relevant to this action was, a resident of the State of Michigan, County of Jackson.

2. Plaintiff is employed by Henry Ford Health Systems as the Administrative Assistant to the directors of the Heart & Vascular Service Line.

3. Plaintiff is 63 years old and at the relevant times was recovering from surgery.

1

4. Defendant Delta Airlines upon information and belief is, and at times relevant to this action was, a Delaware corporation, having its principal place of business in Atlanta, Georgia, and registered to do business in the State of Michigan.

5. Upon information and belief, the contract and occurrences which inform this lawsuit occurred in or had effects in the city of Jackson, in Jackson County, Michigan, and the subject contract of carriage and airline ticket to which it attached were issued by Defendant in Michigan to the Plaintiff where she resides.

## JURISDICTION AND VENUE

6. Plaintiff incorporates prior paragraphs of this Complaint as though said paragraphs were fully set forth herein at this point.

7. This Court has jurisdiction because Plaintiff's seek damages that do not exceed $25,000, and jurisdiction has not been expressly granted to another Court by law.

8. This Court may exercise general jurisdiction over Defendant corporation by virtue of consent and for carrying on continuous and systematic general business in Michigan and otherwise having a sufficient nexus, pursuant to MCL 600.711 and common law.

9. Venue is proper in Jackson because Plaintiff resides in Jackson County and Defendant conducts business throughout Michigan.

## GENERAL ALLEGATIONS

10. Plaintiff incorporates the preceding paragraphs of this Complaint as though said paragraphs were fully set forth at this point herein.

11. Defendant issued to Plaintiff an airline ticket for travel to Vancouver, Canada on December 21, 2021, and which scheduled Defendant to return Plaintiff to Michigan

on January 4, 2022; a copy of which contract is in Defendant's possession, and which carried with it obligations under a contract of carriage.

12. This contract included the transportation of personal property (baggage).

13. All purchase amounts were paid, and the Defendant's obligations were in full force and effect at all relevant times, including on the dates of the damages described here.

14. Delta Airlines ("Delta" or "Defendant") is one of the world's largest airlines, operating thousands of daily flights among hundreds of destinations in more than 50 countries. In 2020-2022, in the wake of COVID-19, Delta responded to a sudden drop in demand for passenger air travel by canceling hundreds of scheduled flights.

15. In this case, Plaintiff's return was scheduled to travel from Vancouver to Minneapolis to Detroit, on or about January 2, 2022.

16. Delta cancelled the flight from Vancouver to Minneapolis, then cancelled the replacement flight from Vancouver to Seattle, and then failed to provide the required documentation for the third replacement from Montreal to Detroit, leaving Plaintiff stranded in Montreal.

17. Under the terms of Delta's contract with its customer, when the airline canceled a flight during this period, the airline must promptly accommodate passengers on the next available flight or refund the passenger, and just booking the next flight was not enough according to federal guidance because, under the circumstances, just rebooking often was not a meaningful accommodation.

18. Delta did not offer to refund the Plaintiff's ticket nor could that be meaningful when Plaintiff, a 63-year-old Michigan resident was stranded alone in Vancouver and, instead, without consideration of airport timing or available services, without

providing the required connecting boarding pass, and without making any accommodation whatsoever to protect a 63- year-old passenger travelling alone in a foreign country, Delta unilaterally booked Plaintiff from Vancouver to *Montreal* to Detroit on a different carrier, Air Canada.

19. Plaintiff was, at all relevant times, a third-party beneficiary of the agreement(s) by which Delta secured her passage on an Air Canada flight plan.

20. Indeed, the United States Department of Transportation issued notices during the relevant period warning domestic and international carriers of enforcement actions to come if they, including Defendant, did not provide a "prompt refund to a ticketed passenger when the carrier cancels the passenger's flight or makes a significant change in the flight schedule...." **EXHIBIT A.**

21. In the same U.S. DOT Notice, the agency added a reference to 76 Fed. Reg. 23110-01, at 23129, titled "Enhancing Airline Passenger Protections," dated April 11, 2021, wherein it said: "We reject ... assertions that carriers are not required to refund a passenger's fare when a flight is cancelled if the carrier can accommodate the passenger with other transportation options after the cancellation. We find it to be manifestly unfair for a carrier to fail to provide the transportation contracted for and then to refuse to provide a refund if the passenger finds the offered rerouting unacceptable ...."

22. Plaintiff timely (one day later) notified Defendant that Plaintiff had suffered losses, had encountered several failures attributable to Delta to provide the contracted substitute, detailed her personal injuries, and requested a refund and damages.

23. Plaintiff also stated a list of her losses due to breaches of Defendant's contractual obligations which included (a) lost seating preference (necessary as Plaintiff was post-surgery), (b) reimbursement for the hotel necessary after connection was missed because Defendant failed to provide necessary boarding authority at a time when its counter was closed, and a detailed itemization of lost items of personal property (baggage not returned to her for several days after carriage).

24. On the evening of January 2, 2022, when Delta failed aid of any kind, neither in person, nor by electronic communication, nor through its third-party agent, Plaintiff was left stranded in Montreal, and suffered anxiety, distress, and aggravation of her post-surgical physical condition.

25. Plaintiff was left to book and pay for hotel accommodation and transportation to and from the terminal.

26. Plaintiff endured additional days tracking two pieces of mishandled luggage (one received 3 days late and the other 7 days after) and which arrived with missing items (also detailed with receipts provided).

27. Plaintiff missed two additional days of work for which she did not receive pay.

28. Plaintiff also was required to purchase and take another COVID-19 antigen test that expired due to flight changes/delays.

29. Within the first several days, Defendant acknowledged her claims and promised compensation, but none was provided or has since been provided.

30. Defendant owed Plaintiff the contractual duty to timely pay Plaintiff's claim under its contract of carriage but has failed to do so, and otherwise made a promise to compensate Plaintiff for her damages and suffering but has failed to do that as well.

31. Defendant's actions, at a minimum, constitute a breach of contract, negligence, gross negligence, negligent misrepresentation, and intentional infliction of emotional distress.

32. The failure on the part of Defendant's agent to accommodate Plaintiff's right of carriage on the evening of January 2, 2022 or provide accommodation and transportation also amounts to false imprisonment, because the third-party agent intentionally restricted Plaintiff's movement within a foreign country's airport without legal justification, or Plaintiff's permission, and actual physical restraint is not necessary for false imprisonment to occur.

33. Defendant owed Plaintiff a duty of care not to strand her in Vancouver or in Montreal without accommodation or transportation, not to lose her personal property, not to act carelessly regarding her well-being and safety, to provide reasonable care to a passenger like Plaintiff, to not make false, reckless, or careless statements regarding passage and accommodations, and other things.

34. Defendant breached those duties, or its conduct fell below the standard of care.

35. As a direct and proximate result of its actions and failures to act, Defendant caused actional harm to Plaintiff, and Plaintiff has sustained consequential damages that were in the contemplation of the parties when the contract was made or that are the natural and usual consequences of a contract of carriage.

## COUNT ONE: BREACH OF CONTRACT

36. Plaintiffs incorporate the prior paragraphs of this Complaint as though set forth here.

37. Defendant had a duty to perform under the contract with Plaintiff.

38. Plaintiff did not receive the important benefits for which the contract was made.

39. The defects of and the uncompleted performance by Defendant were of such an extent and nature that the terms of the contract were not fulfilled.

40. Plaintiff did not receive the benefit of her bargain from Defendant.

41. Plaintiff was injured by the Defendant's failure to perform under the contract.

42. Plaintiff is entitled to a sum of money that will put her in as good a position as she would have been in had Defendant fully performed.

43. In the alternative, Plaintiff is entitled to damages that would put her in the same position as if the contract had never been made.

44. In addition to damages naturally arising from the breach, Plaintiff should be compensated for the consequential damages to herself from the Defendant's breach.

45. Plaintiff is entitled to damages because she relied on Defendant's contract promises.

## COUNT TWO: NEGLIGENCE

46. Plaintiffs incorporate the prior paragraphs of this Complaint as though set forth here.

47. Defendant owed a duty to use reasonable care in transporting Plaintiff from Vancouver to Detroit, which included providing documentation, aid, and agent performance needed not to strand Plaintiff in Montreal without food, accommodation, and transportation.

48. Defendant breached its duty to use reasonable care and so was negligent in stranding Plaintiff in Montreal, following two prior cancellations, and in numerous other ways.

49. As a direct and proximate result of Defendant's breach of its duty to use reasonable care, Plaintiff sustained serious personal injuries, including the following: extreme physical pain and suffering, mental anguish, fright and shock, including distress and

anxiety over return and housing and food and transportation; aggravation of existing injury following surgery; and other things subject to proofs.

50. As a result of being injured in early January, Plaintiff has sustained damages and will in the future sustain damages, including, but not limited to, the following: physical pain and suffering; mental anguish; fright and shock; denial of social pleasure and enjoyments; and embarrassment, humiliation, or mortification; reasonable expenses for necessary medical care, treatment, and services; loss of earnings; costs of health care to restore Plaintiff's mental health; and other things subject to proof at trial.

## COUNT THREE: MISREPRESENTATION

51. Plaintiffs incorporate the prior paragraphs of this Complaint as though set forth here.

52. Defendant, through its authorized representatives, made material misrepresentation of fact as alleged specifically herein, supra, including, but not limited to:

   a. that Defendant would compensate Plaintiff for the damages it caused her;

   b. Plaintiff would be flown to Detroit though Montreal on the date stated;

   c. the third-party agent would provide quality and performance as expected;

   d. that the material terms of the contract of carriage would be met;

   e. Plaintiff would not be stranded in a foreign country overnight without

food, accommodation, and transportation, and other things subject to proofs.

53. The representations were false when they were made, and Defendant knew they were false when they were made or made them recklessly without regard to whether they were true or false.

54. Defendant made the representations for the purposes of gaining the reliance of the Plaintiff on them, before and during performance.

55. Plaintiff relied on the misrepresentations of the Defendant's representatives.

56. Plaintiffs sustained damages because of the misrepresentations in an amount to be determined at trial.

57. In the alternative, as to Negligent Misrepresentation, Defendant had a duty to disclose the information as described herein, supra, and in the General Allegations.

58. Defendant failed to disclose the Material Information.

59. Defendant had actual knowledge of the falseness of the Material Information.

60. Defendant's failure to disclose the Material Information caused Plaintiff to have a false impression.

61. When Defendant failed to disclose the Material Information, Defendant knew the failure would create a false impression.

62. When Defendant failed to disclose the Material Information, Defendant intended that Plaintiff rely on the resulting false impression.

63. Plaintiff relied on the false impression.

64. Plaintiff was injured because of her reliance.

65. Plaintiff sustained damages according to proofs at trial.

## COUNT FOUR:

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

66. Plaintiffs incorporate the prior paragraphs of this Complaint as though set forth here.

67. Defendant's conduct as outlined above was intentional.

68. Defendant's conduct as outlined above was extreme, outrageous, and of a character not to be tolerated by a civilized society.

69. Defendant's conduct as outlined above was for an ulterior motive or purpose.

70. Defendant's conduct resulted in severe and serious emotional distress.

71. As a direct and proximate result of Defendant's conduct, Plaintiff has been damaged in the manner outlined above.

COUNT FIVE: FALSE IMPRISONMENT

72. Plaintiffs incorporate the prior paragraphs of this Complaint as though set forth here.

73. Defendant and its agent were obligated to provide plaintiff carriage to Detroit.

74. Defendant and its agent without justification, stranded Plaintiff in Montreal without food, water, shelter, or transportation overnight.

75. In full view of Plaintiff of other members of the community, they refused boarding.

76. Defendant, either individually or through principles of respondeat superior, stranded Plaintiff and deprived her of her personal liberty and freedom of movement for a period of a day, with the intention of confining her there.

77. Plaintiff was conscious of her confinement at all relevant times.

78. Defendant's actions directly resulted in the actual confinement of Plaintiff.

79. The imprisonment and restraint were against Plaintiff's will.

80. Defendant's deprivation of Plaintiff's liberty and freedom was intentional.

81. As a direct and proximate result of Defendant's false imprisonment, Plaintiff has suffered injury and damage including the following:

    a. pain, suffering, and emotional distress,

    b. lost wages,

    c. posttraumatic stress disorder,

    d. humiliation, mortification, and embarrassment,

  e. other injuries or damages that are found to be related to the occurrence that appear or manifest themselves during the course of discovery and trial.

  WHEREFORE PLAINTIFF REQUESTS that this court enter judgment against Defendant in the amount of $8,000.00 or an amount that the jury finds is fair and just, including consequential damages, attorney fees to the extent recoverable under law, and any other relief warranted or just.

DATED: April 14, 2022        Law Office of Tonie M Franzese, P.C.

                /s/ Tonie M Franzese
                Tonie M Franzese (P54616)
                Attorney for Plaintiff